Rosalie POHL, Steve Pohl, Peter Kellner, and Linda Kellner, Plaintiffs–Appellants,

v.

NATIONAL BENEFITS CONSULTANTS, INC., Defendant–Appellee.

Nos. 91–1809, 91–1810.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 18, 1991.

Decided Jan. 31, 1992.

Vincent R. Petrucelli, Joseph C. Sartorelli (argued), Petrucelli & Petrucelli, Iron River, Mich., for plaintiffs-appellants.

Richard P. Carr, Kathleen Donius (argued), Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for defendant-appellee.

Before POSNER, FLAUM and KANNE, Circuit Judges.

POSNER, Circuit Judge.

This is a consolidated appeal from orders dismissing two virtually identical suits; to simplify discussion we shall discuss only one of them, that of Mr. and Mrs. Pohl. Mr. Pohl is an employee of a business that has a health insurance plan administered by the defendant, National Business Consultants, Inc. (NBC), and governed by ERISA (Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*). The Pohls' minor daughter developed a psychiatric illness. Her doctor advised a course of treatment in a hospital. An employee of NBC told Mrs. Pohl that the plan would cover 80 percent of the costs of the treatment, but in fact the plan limited payment for this type of treatment to $10,000. The Pohls say that had they known of this limitation they would not have consented to the treatment. But thinking it was covered they did consent, their daughter underwent the treatment, and they were billed $19,000 and had to borrow money to pay the bill, incurring an interest expense. They brought this suit in state court originally, seeking common law damages for what is best described as negligent misrepresentation. *Ollerman v. O'Rourke Co.*, 94 Wis.2d 17, 44–47, 288 N.W.2d 95, 108–09 (1980); *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1564 (7th Cir.1987). The defendant removed the case to federal court under ERISA. The court entered judgment for the defendant on the ground that ERISA preempted the plaintiffs' common law claims while providing no remedy of its own for the alleged wrongdoing, thus leaving the plaintiffs remediless.

ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This knocks out any effort to use state law, including state common law, to obtain benefits under such a plan, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)—which might appear to be precisely what the Pohls are attempting to do by charging the plan's administrator with negligently misrepresenting that they had coverage. It *would* be what they were attempting to do if they were arguing promissory or equitable estoppel and thus trying to forbid the defendant to deny coverage for their daughter's treatment. *Bash v. Firstmark Standard Life Ins. Co.*, 861 F.2d 159, 163 (7th Cir.1988). But that isn't (quite) what they are attempting to do.

They admit that their daughter's treatment wasn't covered after the first $10,000. They are seeking the damages they sustained as a result of being misled about that fact. They say that if they'd known they had only limited coverage they would have shopped around for a cheaper treatment for their daughter or perhaps rearranged their financial affairs so as to be able to pay for it without having to borrow. The damages that the plaintiffs sustained as a result of being misled bear no necessary relation to the net additional benefits (80 percent of $19,000, or $15,200, minus the $10,000 they received) that they would have received had the coverage been as represented. The damages probably are smaller, not only because it is uncertain whether the plaintiffs could have gotten the treatment their daughter needed cheaper but also because, even if they hadn't borrowed the money necessary for the treatment, they still would have incurred an opportunity cost—for example, the loss of interest they would have earned on money diverted from some investment to the payment for the cost of treatment.

■ ERISA's preemption provision is very broad, but the word "related" must not be taken literally. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). Had Mrs. Pohl gone to the NBC office to inquire about coverage and while there had slipped on a banana peel and been injured and brought a negligence suit, cf. *Abofreka v. Alston Tobacco Co.*, 288 S.C. 122, 341 S.E.2d 622 (1986), we would not expect NBC to remove the case to federal court and argue preemption; and if it did it would lose, as its lawyer sensibly admitted at argument. *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 833 and n. 8, 108 S.Ct. 2182, 2187 and n. 8, 100 L.Ed.2d 836 (1988). It is true that slip-and-fall liability would increase NBC's costs and perhaps therefore the fee it charged for administering the employee welfare plan, and the added fee might hurt the participants. A similar argument sustained the exemption of charitable enterprises from tort liability, but the exemption has fallen into disrepute and been largely abandoned. 5 Fowler V. Harper, Fleming James, Jr. & Oscar S. Gray, *The Law of Torts* § 29.17, at pp. 762–63 (2d ed. 1986).

■ This is not a banana-peel case. One of ERISA's purposes is to protect the financial integrity of pension and welfare plans by confining benefits to the terms of the plans as written, thus ruling out oral modifications. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992); *Nachwalter v. Christie*, 805 F.2d 956, 960–61 (11th Cir.1986); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1296–97 (5th Cir.1989); see also *Musto v. American General Corp.*, 861 F.2d 897, 910 (6th Cir.1988). This purpose would be thwarted if participants could maintain suits under state law against a plan administrator that were based on oral representations of coverage. It is true that the Pohls are not seeking to enlarge coverage as such; but any money they obtained from this suit would be functionally a benefit to which the written terms of their plan do not entitle them. This type of end run is regularly rebuffed. See, e.g., *Ingersoll–Rand Co. v. McClendon*, — U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). The fact that ERISA does not provide a substitute remedy reflects not a senseless gap in the statute but a determination to carry through the policy we have described by confining participants to the entitlements spelled out in writing. Not the semantics of the word "relate," but the policy of the statute, requires preemption *and* the denial of a remedy.

■ But is there truly no remedy? The district judge remarked in passing that NBC is a fiduciary, and for breach of fiduciary duty ERISA does provide remedies, 29 U.S.C. § 1109(a), though it is an unresolved question whether the beneficiary can sue other than on behalf of the plan itself. *Lorenzen v. Employees Retirement Plan of Sperry & Hutchinson Co.*, 896 F.2d 228, 230 (7th Cir.1990). However that question is resolved, NBC is not a fiduciary. A fiduciary is an agent who is required to treat his principal with utmost loyalty and care—treat him, indeed, as if

the principal were himself. *Market Street Associates Limited Partnership v. Frey,* 941 F.2d 588, 593 (7th Cir.1991). The reason for the duty is clearest when the agent has a broad discretion the exercise of which the principal cannot feasibly supervise, so that the principal is at the agent's mercy. The agent might be the lawyer, and the principal his client; or the agent might be an investment adviser, and the principal an orphaned child. If the agent has no discretion and the principal has a normal capacity for self-protection, ordinary contract principles should generally suffice. At all events, ERISA makes the existence of discretion a sine qua non of fiduciary duty. 29 U.S.C. § 1002(21)(A). And NBC, the plan administrator, had no discretion. Its function under the plan was clerical, mechanical, ministerial—not discretionary. It performed the list of ministerial functions spelled out in the Department of Labor's regulations under ERISA. 29 C.F.R. § 2509.75–8. It was not a fiduciary. *Baker v. Big Star Division,* 893 F.2d 288, 290 (11th Cir.1990); *Blatt v. Marshall & Lassman,* 812 F.2d 810, 812 (2d Cir.1987); *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1564–65 (11th Cir.1987); *Gerlardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir.1985) (per curiam).

Which is not to say that a plan administrator can never be a fiduciary. That depends on its powers. John H. Langbein & Bruce A. Wolk, *Pension and Employee Benefit Law* 502 (1990). But this one wasn't, and hence the Pohls have no claim against it under the fiduciary provisions of ERISA—or under any other provisions. They have no claim, period; and this, as we have emphasized, for reasons grounded in the policy of the statute. We need not consider whether they could have obtained damages from the employee who they claim misled them, rather than from the plan administrator itself. They did not name the employee as a defendant.

AFFIRMED.