**Maria ALISZ, individually and as Special Administrator of the Estate of Janusz Alisz, Plaintiff,**

v.

**BENEFIT TRUST LIFE INSURANCE COMPANY and Midwest Machining and Fabricating, Inc., Defendants.**

No. 92–287.

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 20, 1994.

Robert Berger, Highland, IN, for plaintiff.

Daniel Engel, David Schmidt, Chicago, IL, Patrick Schuster, Crown Point, IN, Robert Schwerd, Highland, IN, for defendants.

## ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court on two motions. The defendant, Midwest Machining and Fabricating, Inc., filed a Motion to Dismiss on August 31, 1993. The defendant, Benefit Life Insurance company, filed a Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint on September 16, 1993. For the reasons set forth below, both motions are **GRANTED.**

### Background

The plaintiff, Maria Alisz, is the widow and administratrix of the estate of her husband, Janusz Alisz. Janusz was employed by the defendant, Midwest Machining and Fabricating, Inc. ("Midwest") from January 28, 1991, to August 16, 1991. While employed at Midwest, Alisz was covered by a group health and life insurance policy issued by the defendant, Benefit Trust Life Insurance Company ("Benefit Trust").

On August 17, 1991, Alisz voluntarily left his employment with Midwest to accept another job. Before Alisz left Midwest, he asked whether he could extend and convert his group insurance coverage with his new employer. Midwest allegedly told Alisz that he would be able to extend his coverage if he paid a two-month premium of $682.40. Alisz accepted the oral offer and paid the premium amount.

Alisz subsequently became ill and died on October 14, 1991. He incurred substantial hospital and medical bills during his illness, and Maria Alisz demanded payment of those bills. Both Midwest and Benefit Trust refused to pay the medical expenses contending that the oral promise allegedly made to Alisz did not modify the written language of the employer's plan regarding extended coverage.

Maria Alisz filed a two-count complaint on July 20, 1992, claiming that the defendants breached their agreement to extend coverage and that her husband detrimentally relied on Midwest's oral representation. She also contends that the defendants' conduct violated provisions of the Employee Retirement Income Security Act (ERISA), specifically the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 *et seq.* Midwest and Benefit Trust filed their Motions to Dismiss on August 31, 1993 and September 16, 1993, respectively, contending that Alisz cannot state a cause of action under either count in her complaint. Since the defendants' motions are essentially identical, they will be treated as a joint motion to dismiss for purposes of this Order.

### Discussion

In ruling on a Rule 12(b)(6) motion to dismiss, a court must follow

the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (footnote omitted)

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)

This court must "accept the well-pleaded allegations of the complaint as true." *Albright v. Oliver,* —— U.S. ——, ——, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994). *See also H.J., Inc. v. Northwestern Bell Telephone Company,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); and *Canedy v. Boardman,* 16 F.3d 183, 188 (7th Cir.1994).

In order to escape dismissal

a plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action.

*Marmon Group, Inc. v. Rexnord, Inc.,* 822 F.2d 31, 34 (7th Cir.1987) *quoting Doe v. St. Joseph's Hospital,* 788 F.2d 411, 414 (7th Cir.1986)

To prevail a defendant "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987).

### Count I

Count I of Alisz's complaint alleges that the defendants refused to pay medical expenses which breached of an oral promise to provide continuation benefits. Specifically, Paragraph 8 alleges that "[t]he refusal of the defendants to make · such payments is a breach of their agreement to extend and convert the insurance of Janusz Alisz." It is not clear exactly what theory of relief Count I relies upon, namely, breach of contract, estoppel, or detrimental reliance. The defendants argue, however, that any of these state law claims are preempted by ERISA since they relate to an ERISA plan.

ERISA provides a cause of action for a benefit plan participant or beneficiary "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(e)(1). ERISA applies generally to all employee benefit plans sponsored by an employer. 29 U.S.C. § 1003(a); *District of Columbia v. The Greater Washington Board of Trade,* —— U.S. ——, ——, 113 S.Ct. 580, 582, 121 L.Ed.2d 513 (1992). ERISA divides employee benefit plans into two general categories: welfare benefit plans and pension benefit or retirement plans. 29 U.S.C. §§ 1002(1) and 1002(2)(A). The instant case involves the former type of plan which includes benefits provided in the event of sickness, disability, or death. 29 U.S.C. § 1002(1)(A).

ERISA contains a sweeping preemption provision which states that ERISA shall "supersede any and all State laws insofar as they may not or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). In interpreting ERISA's preemption provision, the Supreme Court has held that it "was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life Insurance Company v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). *See also Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1136 (7th Cir. 1992). Thus, where a plaintiff brings suit under state law seeking employee benefits which are covered by ERISA, that suit is preempted by ERISA. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 62–63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (common law tort and contract claims regarding the termination of disability benefits preempted by ERISA); and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 57, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987) (bad faith claim based on the improper processing of a disability benefits claim preempted by ERISA). *See also Ingersoll–Rand Company v. McClendon*, 498 U.S. 133, 144, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990) (when a state law regulates activities embodied under ERISA, the state law is preempted).

In the instant case, Alisz is seeking to recover medical expenses which she claims the defendants should have paid as her husband's employer and insurance company. Medical expenses for sickness and death clearly "relate to" an employee benefit plan governed by ERISA and thus fall within the reach of ERISA's preemption provision. Accordingly, to the extent that Count I of Alisz's complaint involves a common law contract claim, it is preempted by ERISA.

The defendants also contend that Alisz has not stated a claim for promissory estoppel or under ERISA itself because, as a general rule, ERISA does not permit oral modifications of a written benefit plan. *See Russo v. Health, Welfare & Pension Fund*, 984 F.2d 762, 767 (7th Cir.1993); and *Lister v. Stark*, 890 F.2d 941, 946 (7th Cir.1989). The Seventh Circuit has held that the written terms of an ERISA plan cannot be superseded or modified by an oral representation or other informal statement. *Schoonmaker v. Employer Savings Plan of Amoco Corporation*, 987 F.2d 410, 412 (7th Cir.1993). In fact, one of the purposes of ERISA is to protect the financial integrity of welfare and pension plans. *Vershaw v. Northwestern National Life Insurance Company*, 979 F.2d 557, 559 (7th Cir.1993). *See also Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir.1992) (a beneficiary cannot obtain more than an ERISA plan provides in writing). Thus, since the general rule is that ERISA does not recognize oral modifications of a written benefit plan, the statute also precludes the use of an estoppel defense. *Russo*, 984 F.2d at 767.

Alisz relies on *Black v. TIC Investment Corp.*, 900 F.2d 112 (7th Cir.1990) in support of her argument that an exception exists to the rule precluding the use of estoppel principles in the context of ERISA. In *Black*, the court stated:

> In cases such as these where there is no danger that others associated with the Plan can be hurt, there is no good reason to breach the general rule that misrepresentations can give rise to an estoppel. There is no reason for the employee who reasonably relied to his detriment on his employer's false representations to suffer. There is no reason for the employer who misled its employee to be allowed to profit from the misrepresentation. We hold, therefore, that estoppel principles are applicable to claims for benefits under unfunded single employer welfare benefit plans under ERISA. We express no opinion as to the application of estoppel principles in other situations.

> 900 F.2d at 115

Although in *Black* the Seventh Circuit did find that an estoppel theory was applicable in certain circumstances, this exception has not been extended to other types of ERISA plans. In *Russo*, the court noted:

> In *Black*, we permitted the use of estoppel because doing so did not threaten the actuarial soundness of the single-employer wel-

fare fund. We note, however, that our concerns about actuarial soundness expressed in *Black* would argue against applying estoppel to a multi-employer funded pension plan, such as this one.

984 F.2d at 767 n. 4

Alisz does not contend that the plan involved in the instant case was an "unfunded single employer benefit plan" or that the "actuarial soundness" of the plan would not be threatened. In her Brief in Opposition to Motions to Dismiss Alisz states:

As in the *Black* case, there is no reason in the case at bar not to apply estoppel principles. The defendants in this case have filed cross-claims, so there is no reason that any person other than the one responsible will suffer if the plaintiff is provided the insurance coverage which was promised and paid for.

Brief of Plaintiff in Opposition, p. 8

Alisz's argument is not persuasive, however, especially given that the Seventh circuit *has* found reasons not to extend the *Black* exception to other types of ERISA plans. Accordingly, Alisz's claim for promissory estoppel also is preempted by ERISA, and Count I of Alisz's complaint is dismissed for failure to state a claim upon which relief can be granted.

### Count II

Count II of the complaint alleges that the defendants' refusal to pay medical expenses is in violation of ERISA, specifically 29 U.S.C. § 1161 *et seq.* ("COBRA"). The defendants submit that the benefit plan under which Alisz was covered did not provide for COBRA continuation coverage and that he only had the right to convert to an individual health policy upon leaving his employment. In addition, they argue that COBRA does not apply because Midwest did not employ the minimum number of employees as provided by the statute.

The provision of Alisz's insurance plan regarding extended coverage is found under "Conversion for Coverages Other Than Life" at page 21 of Midwest's group insurance plan. (Exh. 2, Midwest's Motion to Dismiss) This section enables certain Midwest employees to convert their coverage to an individual policy by making a written application to Benefit Trust and paying the first premium for the new policy within 31 days. Both Alisz and the defendants agree that Janusz Alisz paid the premium amount of $682.40. The defendants submit that Alisz "was entitled to, *and received,* the conversion policy offered under the terms of the employee benefit plan." (Benefit Trust's Memorandum in Support of Its Motion to Dismiss, p. 5) (emphasis in original). Alisz has not disputed this claim. The defendants contend that Alisz cannot superimpose a COBRA continuation provision on Midwest's ERISA plan where none existed.

■ As discussed above in reference to Count I of Alisz's complaint, ERISA does not allow oral modifications of a written benefit plan. *Russo,* 984 F.2d at 766. Thus, since the terms of Midwest's group insurance plan were clear in setting forth the nature of continuation coverage under the plan, an alleged oral agreement attempting to modify the written plan is without effect.

■ As an additional argument to dismiss Count II, the defendants submit that COBRA is not applicable because Midwest did not employ the requisite number of employees. The general language of COBRA provides that

(a) The plan sponsor of a group health plan shall provide ... that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event [such as termination, see § 1163] is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

29 U.S.C. § 1161(a)

However, the next section of the statute specifically excepts certain plans from continuation coverage:

(b) Subsection (a) of this section *shall not apply* to any group health plan for any calendar year if all employers maintaining such *plan normally employed fewer than 20 employees* on a typical business day during the preceding calendar year. (emphasis added)

29 U.S.C. § 1161(b)

Thus, under this small employer exception, employers with less than 20 employees are excluded from adhering to the notification requirements of COBRA.

In the instant case, the defendants contend that COBRA does not apply because Midwest employed only 15 employees on an average business day in the year prior to Alisz's termination. In support of this argument they submitted the affidavit of Ronald Stassin, the President and Group Health Administrator for Midwest Machining. (Exh. 3, Benefit Trust's Motion for Summary Judgment) Stassin stated that during the year previous to Alisz's termination Midwest employed an average of 15 full-time employees on a typical business day and at no time employed 20 or more employees.

Alisz's complaint does not allege that Midwest employed 20 employees, and her Brief in Opposition to the Motions to Dismiss does not address the issue. In light of this, she has not alleged sufficient facts to outline a cause of action under COBRA. *See Marmon Group, Inc.,* 822 F.2d at 34.

Alisz's plan did not provide for continuation coverage, and COBRA is inapplicable because Midwest falls within the small employer exception. Therefore, Count II of Alisz's complaint also is dismissed because it does not allege facts sufficient to state a claim under COBRA.

---

For the reasons set forth above, the Motions to Dismiss filed by the defendants, Midwest Machining and Fabricating, Inc. and Benefit Life Insurance Company, on August 31, 1993 and September 16, 1993, respectively, are **GRANTED**.