UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT


No. 95-1363

ARTHUR T. COTTRILL,

Plaintiff, Appellant,

v.

SPARROW, JOHNSON & URSILLO, INC., ET AL.,

Defendants, Appellees.


No. 95-1434

ARTHUR T. COTTRILL,

Plaintiff, Appellee,

v.

SPARROW, JOHNSON & URSILLO, INC., ET AL.,

Defendants, Appellants.



APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Aldrich, Senior Circuit Judge, 

and Selya, Circuit Judge. 




Jeffrey S. Brenner and Corrente, Brill & Kusinitz, Ltd. on brief 
for Arthur T. Cottrill.
Edward C. Roy, Jr. and Roy & Cook on brief for Sparrow, Johnson & 
Ursillo, Inc., et al.



January 23, 1996


ALDRICH, Senior Circuit Judge. Arthur T. Cottrill 

(Cottrill) sued several defendants: Sparrow, Johnson &

Ursillo, Inc. (SJU), a Rhode Island accounting firm with whom

he was employed as a certified public accountant; Sparrow,

Johnson & Ursillo, Inc. Profit Sharing Plan and Trust (SJU

Plan, or Plan), and Steven J. Ursillo (Ursillo), an officer

and stockholder of SJU and a "named Trustee" of SJU Plan.

Cottrill sought, inter alia,1 pursuant to the Employee 

Retirement Income Security Act, 29 U.S.C. 1001 et seq., 

(ERISA), to vacate revocation by the Plan of his beneficial

interest of $18,775.52. Ursillo, in his capacity as trustee

of the SJU Plan, counterclaimed, alleging that Cottrill,

acting in a fiduciary relationship, was responsible for

losing an investment of $130,000 of Plan's assets, and thus

owed it full recompense.

A magistrate judge, in a detailed opinion, had

recommended ruling in Cottrill's favor on motions for summary

judgment, but the district court, after conducting a bench

trial, held that Cottrill was a fiduciary of the Plan within

the meaning of ERISA, 29 U.S.C. 1002(21)(A), and therefore

was responsible to Plan for the loss. It dismissed the

counterclaim, however, for failure to prove damages. Both

sides appeal. We reverse and remand for entry of judgment

 

1. Two further counts have been dropped, as a result of
which SJU is no longer a party.

-3-

for Cottrill on his complaint, and affirm, on other grounds,

dismissal of the Plan's counterclaim.

In December of 1988, $130,000 of the SJU Plan's

assets were invested, through a partnership known as North

Main Street Associates One, in which Cottrill was a partner,

in a group of second mortgages held by First Security

Mortgage Company. Cottrill effected the SJU Plan's

investment, as authorized by Ursillo, a named trustee of the

Plan. Unhappily Cottrill obtained no promissory note or,

seemingly, any other documentation of the investment. First

Security paid interest to North Main for a while, but by

December of 1990, the assets had apparently disappeared.2

Because both the claim and counterclaim turn on

whether Cottrill was a fiduciary with respect to the $130,000

investment at issue, we focus solely on the grounds given to

support the court's conclusion. The court found that

Cottrill was a fiduciary because he exercised "both effective

and actual authority and control over the management and

disposition of the $130,000," which brought him within the

definition of a fiduciary under ERISA as one who "exercises

any authority or control respecting management or disposition

 

2. Perhaps the mortgages simply became worthless -- the
record is silent. In any event, the court found that the
investment was lost.

-4-

of [a plan's] assets." 29 U.S.C. 1002(21)(A)(i).3 It

based this conclusion on a number of subsidiary findings,

including that Cottrill was a "principal" of SJU, and a

participant in the SJU profit-sharing Plan; that he had

recommended the investment to Ursillo, specifically by

reporting that he had looked into it and the investment

looked good; that he had assumed responsibility for managing

the investment and obtaining documentation, disbursing the

$130,000 to the mortgagee and collecting the income

generated; that he was a partner in North Main, the vehicle

for making the investment, and listed himself on its account

record as the partner in charge of the investment.

None of these subsidiary findings, however, singly

or collectively, amount to "authority or control over the 

management or disposition" of the funds in question. On the

contrary, this was twice contradicted by Ursillo himself, who

stated that he, as a Plan trustee, authorized the investment.

The court's reference to Cottrill as a "principal"

of SJU overlooks the undisputed testimony that this was,

 

3. The statue reads, in relevant part:

[A] person is a fiduciary with respect to a plan to
the extent (i) he exercises any discretionary
authority or discretionary control respecting
management of such plan or exercises any authority
or control respecting management or disposition of
its assets . . . .

29 U.S.C. 1002(21)(A).

-5-

literally, a "letterhead" title for client purposes, but

quite aside from that, SJU itself did not manage the Plan.

As a "participant" in the Plan Cottrill had no powers. It

did not amount to "authority over the management" of the

assets for Cottrill, with no power to invest, to recommend an

investment to Ursillo as sound; nor were powers conferred on

him as a gratuitous advisor4 by the trustee's accepting his

opinion. Schloegel v. Boswell, 994 F.2d 266, 271-72 (5th 

Cir.), cert. denied, U.S. , 114 S.Ct. 440, 126 L.Ed.2d 

374 (1993) ("[m]ere influence over the trustee's investment

decisions . . . is not effective control over plan assets,"

where ultimate decision-making authority rests elsewhere)

(citing cases). The court made no finding, nor could the

record support one, that authority or control was ever

delegated or "relinquished" to Cottrill in authorizing him to

execute the management and disposition decision of Ursillo.

See id. at 271-72. 

The court's finding that North Main was the

"vehicle" for the investment was exactly correct, but it is

the driver, not the vehicle, that chooses the route. In

collecting and disbursing money due, Cottrill (by North Main)

was simply a conduit, performing a ministerial act directed

by Ursillo. Under ERISA, "the existence of discretion [is] a

 

4. No claim has been made, nor is there any evidence, that
Cottrill was at any time a specially paid advisor to the
Plan. Compare 29 U.S.C. 1002(21)(A)(ii).  

-6-

sine qua non of fiduciary duty." Pohl v. National Benefits 

Consultants, Inc., 956 F.2d 126, 129 (7th Cir. 1992) (where 

plan administrator function was clerical, mechanical, and

ministerial, it was not discretionary). Cottrill's

mechanical duty to acquire "documentation" evidencing the

mortgage assignments and securing the authorized transaction

between First Security and the Plan entailed no discretionary

involvement in management of the assets.

So much for management. We turn to the further

language of subsection (i), concerning exercise of "any

authority or control respecting . . . disposition of [a

plan's] assets." 29 U.S.C. 1002(21)(A)(i). True, Cottrill

exercised physical control when he forwarded the $130,000 to

First Security. Did this constitute "disposition" of the

assets? The meaning of disposition is to be judged by its

companion words. Again, these indicate that the fiduciary

exercise authority or control, i.e., discretion and judgment,

over the disposition, not simply perform a transfer specified

by the trustee -- a purely administrative act. See Sommers 

Drug Stores v. Corrigan Enterprises, Inc., 793 F.2d 1456, 

1460 (5th Cir. 1986), cert. denied, 479 U.S. 1034, and cert. 

denied, 479 U.S. 1089 (1987) (defendants could be found 

fiduciaries with respect to sale of trust's stock only if 

they controlled trustees' decision to sell; such control not

inferable from defendants' power to appoint trustees).

-7-

In sum, there was no possible basis for the court's

conclusion that Cottrill was a fiduciary. Absent any other

basis for assigning him personal liability for the loss, his

funds in the Plan should not have been offset against it. We

conclude there was no issue as to any material fact to

preclude judgment in favor of Cottrill. We reverse and

remand for entry of judgment in his favor on the complaint.

A word about the counterclaim. The court found for

Cottrill on the ground that, given his $18,775.52 interest in

the Plan was offset against the loss, and the balance had

been satisfied by Ursillo, there had been no showing of any

damages suffered by the Plan. More to the point, in view of

what we have already held, there was no valid demand against

Cottrill in the first place. On this latter basis we affirm

the judgment dismissing the counterclaim.

-8-