Arnold **HOHENEGGER**, Plaintiff,

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY, and Nipsco Industries, Inc., Defendants.**

No. 2:97 CV 47 RL.

United States District Court,
N.D. Indiana,
Hammond Division.

June 10, 1997.

David J. Brandewie, Merrillville, IN, for Plaintiff.

Lisa A. Weiland, Robert D. Campbell, Schiff, Hardin and Waite, Chicago, IL, for Defendants.

## ORDER

LOZANO, District Judge.

This matter is before the Court on Plaintiff's Motion To Remand, filed on February 21, 1997. For the reasons set forth below, the Motion is **GRANTED**, and this case is remanded to the state court from which it was removed.

## BACKGROUND

Plaintiff asserts that Defendants have wrongfully denied him retirement benefits. His complaint alleges as follows: Plaintiff worked for Defendants, Northern Indiana Public Service Company, Inc., and NIPSCO Industries, Inc. (collectively "NIPSCO"), from 1954 to 1965. NIPSCO had a written retirement plan for its employees. Before Plaintiff left NIPSCO, a NIPSCO representative orally promised Plaintiff that he would qualify for certain retirement benefits when he reached age sixty-five. Relying on this promise, Plaintiff went to work for another employer.

In 1996, Plaintiff turned sixty-five and asked NIPSCO for his retirement benefits. NIPSCO refused to provide the benefits. Plaintiff then sued NIPSCO in state court, alleging state breach of contract and promissory estoppel claims. The gravamen of Plaintiff's complaint appears to be that the NIPSCO representative's oral promise that he would receive retirement benefits amounted to a binding oral modification to NIPSCO's written retirement plan.

NIPSCO removed the case to this Court, alleging that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") preempted Plaintiff's claims. NIPSCO then moved to dismiss. Rather than responding to that motion, Plaintiff moved to remand the case, arguing that ERISA does not preempt his claims.

## DISCUSSION

NIPSCO argues that Plaintiff's state law claims for breach of contract and promissory estoppel are preempted by ERISA, which makes them federal question claims, which makes the case removable to this Court. As Plaintiff points out, ERISA's preemptive scope, while broad, does not reach certain conduct. Section 1144(b)(1) provides that ERISA does not apply (1) to any "cause of action which arose," or (2) "any act or omission which occurred," before an effective date of January 1, 1975. 29 U.S.C. § 1144(b)(1); *Stevens v. Employer–Teamsters Joint Council,* 979 F.2d 444, 450–51

(6th Cir.1992). Plaintiff concedes that his "cause of action arose" when NIPSCO denied him benefits, i.e., after the effective date. However, Plaintiff argues that his case involves an "act or omission" that occurred before the effective date, thus taking the case out of ERISA.

Not just any act is the type of "act" that section 1144 refers to. Rather, only "critical acts" qualify. *Coward v. Colgate–Palmolive Co.*, 686 F.2d 1230, 1233–34 (7th Cir.1982). The Seventh Circuit seems to have endorsed the definition of "critical acts" as "those significant facts which give rise to a claim but which fall short of establishing a cause of action." *Id.* at 1233 n. 3 (citing *Winer v. Edison Brothers Stores Pension Plan*, 593 F.2d 307, 313 (8th Cir.1979)).

The debate here is over what constitutes the critical act or acts. NIPSCO says the critical acts are Plaintiff's turning sixty-five, and his being denied benefits, both of which happened in 1996, well after the 1975 effective date. Because Plaintiff's cause of action clearly arose when he was denied benefits, NIPSCO is effectively arguing that the cause of action arose simultaneously with the occurrence of the critical acts it cites. This argument might work in some circuits. *See Stevens*, 979 F.2d at 451 (collecting cases that might support this argument). However, those circuits' view has been criticized as collapsing the two distinct prongs of section 1144—"cause of action" and "acts or omissions"—into one. *Stevens*, 979 F.2d at 452. For his part, Plaintiff insists that the critical acts are the alleged oral promise of retirement benefits the NIPSCO representative made to him, and his reliance on that promise in leaving NIPSCO, both of which happened in 1965, well before the effective date.

The Seventh Circuit has touched on section 1144 and the "critical acts" concept, but not thoroughly enough to provide an easy answer here. *See Rochford v. Joyce*, 755 F.Supp. 1423, 1427 (N.D.Ill.1990) (noting that Seventh Circuit law appears incomplete and inconsistent). Ultimately, perhaps the required inquiry is "fact specific." *Employee Benefits Law* 560 (BNA 1991). This Court concludes that the promise to Plaintiff and his reliance on it are critical acts that take his case out of ERISA.

According to the complaint, in 1965 the NIPSCO representative orally modified the written retirement plan then in effect, with performance of the oral modification to take place when Plaintiff retired over thirty years later. So, in 1965 the modification was complete yet dormant, its performance awaiting a practically inevitable triggering event some thirty years in the future. According to the complaint, Plaintiff relied on this complete yet dormant modification in taking another job back in 1965. The modification and reliance in 1965 were certainly "critical" to Plaintiff's case, because they are "significant facts" upon which he bases his claims to recover for breach of the modification and his reliance that NIPSCO would perform the modification when the time came. *See Coward*, 686 F.2d at 1233 n. 3.

NIPSCO argues that the critical acts are Plaintiff's turning sixty-five and his being denied benefits. As for turning sixty-five, NIPSCO attempts to substitute the natural, inexorable aging process itself for the true critical act tied to Plaintiff's age: the 1965 promise that when Plaintiff turned sixty-five, he would get benefits.

■ As for the denial of benefits, Plaintiff's "cause of action arose" then, but the denial was not also a "critical act" as NIPSCO suggests. A view this Court finds persuasive is that if a decision to deny benefits involved no discretion and "was completely dictated by" pre-ERISA events, then the denial is just that and only that. *Stevens*, 979 F.2d at 452; *see Rochford*, 755 F.Supp. at 1426 (noting the view held by some courts that ERISA does not apply where "the post-ERISA denial [of benefits] is but the inexorable consequence of pre-ERISA events"). Under this view, such a denial does not have the added dimension of a material, post-ERISA construction of a plan's terms that is needed to make the denial an event that both the "cause of action arose" from and that was "critical to the cause of action." *See id.* In the dismissal motion, NIPSCO asserts that under the "clear and unambiguous" written terms of the 1965 retirement plan, Plaintiff is not eligible for benefits because he simply

did not put in the requisite fifteen years of service. Memo. of Law p. 6. So, NIPSCO characterizes its denial decision as based on a mechanical reading of a plan adopted years before ERISA existed. Therefore, the decision was "completely dictated" by a plan adopted pre-ERISA. *See Stevens,* 979 F.2d at 452.

■ More fundamental reasons also support the decision here. A basic purpose of ERISA is to protect employees' entitlement to retirement benefits, *see Miller v. Taylor Insulation Co.,* 39 F.3d 755, 761 (7th Cir. 1994); *Coward,* 686 F.2d at 1232, and Congress intended that ERISA would not apply retroactively, *see Stevens,* 979 F.2d at 452–53. This purpose and this intent would not be well served by applying ERISA to Plaintiff.

■ NIPSCO is arguing that ERISA governs this case not merely as a jurisdictional tool, but also as a way of attacking the merits. In the dismissal motion, NIPSCO argues that Plaintiff's promissory estoppel claim based on the NIPSCO representative's oral promise is meritless under the ERISA doctrine against recognizing oral modifications to employee benefit plans. *See Miller,* 39 F.3d at 759 (outlining the doctrine); *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 128 (7th Cir.1992) (same). Also, although NIPSCO does not highlight it, Plaintiff's contract claim appears to depend on the same oral promise, which, presumably, would mean the contract claim would also fail under ERISA. *See id.* So, by forcing this case under ERISA, NIPSCO hopes to simultaneously extinguish theories that, the Court presumes at this point, have some life under state law. Using ERISA to extinguish an otherwise viable claim for benefits does not advance ERISA's purpose of protecting employees' entitlement to retirement benefits.

■ Of course, courts routinely rule that ERISA leaves plaintiffs out of luck by nullifying state law claims, *see id.,* so the mere fact that NIPSCO seeks that result here does not compel a remand. Yet NIPSCO specifically wants to use an ERISA ban on oral modifications to nullify an alleged modi-

fication created roughly a decade before ERISA was passed. Presuming once again that Plaintiff can enforce this oral modification under state law, how was he to foresee that years later someone would point to ERISA and say that he should have gotten the modification in writing? Because ERISA is not meant to be applied retroactively, it should not result in a party's actions being subject to standards that did not exist when the party acted and that the party could not have anticipated. *See Stevens,* 979 F.2d at 453 (applying this principle to ERISA fiduciaries).

Correctly applying ERISA often stymies plaintiffs, and courts should head off improper "end runs" around ERISA strictures. *See Pohl,* 956 F.2d at 128. Indeed, for better or worse, ERISA may sometimes act as much like a sword for defendants as a shield for plaintiff employees. *See Miller,* 39 F.3d at 761 (noting that despite its primary purpose of guaranteeing pension benefits ERISA has complicated what would otherwise be straightforward breach of contract cases). Yet the Court is confident that applying ERISA to the Plaintiff here would not comport with either the letter or the spirit of ERISA.

■ In the final sentence of his reply brief, Plaintiff tersely asks the Court to award him costs and attorneys fees caused by NIPSCO's improper removal, citing 28 U.S.C. section 1447(c). This request is inadequately briefed, and because it comes in a reply brief, NIPSCO has not had an opportunity to respond to it.

Awarding costs and fees under section 1447(c) is discretionary with the court and typically inappropriate where the removal question was close. *See Olsen v. Olsen,* 580 F.Supp. 1569, 1572 (N.D.Ind.1984); *Castellanos v. U.S. Long Distance Corp.,* 928 F.Supp. 753, 757 (N.D.Ill.1996). The question here was close, and Plaintiff has supplied no particular reason for awarding costs and fees. Accordingly, Plaintiff's request is **DENIED.**

*CONCLUSION*

For the foregoing reasons, the Motion To Remand is **GRANTED** and this case is re-

manded to the state court from which it was removed.