**Mark S. SUMPTER, Individually and as, Parent and Guardian of Samantha Nicole Sumpter, Plaintiff,**

v.

**MACK CHICAGO CORPORATION, Mack Chicago Corporation Employee Benefit Plan, and New World Claims Services, Ltd., Defendants.**

No. 95 C 5057.

United States District Court, N.D. Illinois, Eastern Division.

March 15, 1996.

Burton Joseph, Andrew M. Savage, Barsy, Joseph & Lichtenstein, Chicago, Illinois, Suzanne McCarthy, Chuhak & Tecson, P.C., Chicago, Illinois, for Plaintiff.

John August Cook, Mercedes S. Matias, John August Cook, P.C., Chicago, Illinois, for Mack Chicago Corp. & Mack Chicago Corp. Employee Benefit Plan.

Jeffrey Hoke Bergman, Carl P. Bretscher, D'Ancona & Pflaum, Chicago, Illinois, for New World Claims Services, Inc.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff Mark S. Sumpter ("Sumpter") brought this suit against defendants Mack Chicago Corporation ("Mack Chicago"), Mack Chicago Corporation Employee Benefit Plan ("the Employee Benefit Plan"), and New World Claims Services, Ltd. ("New World") primarily complaining that he has not been reimbursed for the medical expenses relating to the birth of his adopted daughter. Now before the court is a motion to dismiss by defendants Mack Chicago and the Employee Benefit Plan and a motion to dismiss by defendant New World. For the reasons set forth below, the motion to dismiss by defendants Mack Chicago and the Employee Benefit Plan is denied; the motion to dismiss by defendant New World, meanwhile, is granted in part and denied in part.

## I. BACKGROUND

The plaintiff, Mark S. Sumpter, is an employee of Mack Chicago Corporation. He also participates in the Mack Chicago Corporation Health Plan and has elected family coverage under the Plan. On or about May 27, 1993, Sumpter advised an employee of New World Claims Services, Ltd. that he intended to adopt a baby daughter in the near future and that he wished to secure medical coverage as soon as possible. New World confirmed that the baby would have medical coverage under the health plan upon her birth and Sumpter relied on those representations.

On July 27, 1993, Samantha Nicole was born, and on August 3, 1993, Sumpter filed a petition for adoption in the Eighteenth Judicial Circuit, McHenry County, Illinois. From August 1, 1993 through October 1993, employees at New World several times confirmed with Sumpter that the Health Plan would provide medical coverage to Samantha upon her birth. The Health Plan did pay for three of Samantha's medical bills in the amounts of $851.44, $63.20 and $99.20. How-

ever, when Sumpter submitted a $24,383.05 bill and others totaling $3,600.00, the payments stopped. On or about October 21, 1993, New World informed Sumpter that Samantha would not receive medical coverage under the Plan until her adoption was finalized.

In September 1995, the plaintiff filed a complaint in this court seeking three claims for relief. The three claims are the following: (1) failure to provide promised benefits under 29 U.S.C. § 1132(a)(1)(B), (2) a promissory estoppel claim for failure to provide promised benefits under the federal common law; and (3) failure to provide requested documents under 29 U.S.C. § 1132(c)(1).

## II. *STANDARD OF REVIEW*

■ A Rule 12(b)(6) motion to dismiss for failure to state a claim is granted only where it is beyond doubt that the plaintiff is unable to prove any set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must take all well pleaded facts and allegations as true and must view them in the light most favorable to the plaintiff. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Furthermore, plaintiff is entitled to all reasonable inferences that may be drawn from the complaint. *Id.*

## III. *DISCUSSION*

Defendants Mack Chicago and the Employee Benefit Plan raise three grounds for dismissal in their motion to dismiss. Defendant New World also raises three grounds in its motion. The court considers each in turn.

■ Mack Chicago and the Employee Benefit Plan first argue that the plaintiff's complaint insufficiently pleads exhaustion of administrative remedies. The court first notes that the ERISA statute is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action. *Powell v. AT & T Communications, Inc.,* 938 F.2d 823, 825 (7th Cir.1991). Furthermore, the Seventh Circuit has held that the decision to require exhaustion is a "mat-ter within the discretion of the trial court." *Id.; Kross v. Western Electric Co., Inc.,* 701 F.2d 1238, 1244 (7th Cir.1983). Given the public policy benefits that go along with the requirement of exhaustion, particularly encouraging the private resolution of ERISA-related disputes, *Powell* at 826, the court believes that the plaintiff in this case should exhaust his administrative remedies before filing suit. Secondly, the court notes that the plaintiff has alleged in paragraph 14 of his complaint that he "has exhausted all administrative remedies provided for by the [employee benefit] plan." Since the federal courts employ notice pleading, the plaintiff's allegation is sufficient for purposes of a Rule 12(b)(6) motion to dismiss. If the defendants discover that the plaintiff has not fulfilled the requirement of exhaustion, the defendants should file a motion for summary judgment.

■ Mack Chicago and the Employee Benefit Plan next argue that Count II of plaintiff's complaint lacks the *prima facie* elements of a claim for promissory estoppel. The court recognizes that a party asserting estoppel must show that: "(1) the opposing party knowingly misrepresented or concealed a material fact; (2) the complaining party, not knowing the truth, reasonably relied on that misrepresentation or concealment; (3) the complaining party suffered detriment; and (4) the complaining party had no knowledge or convenient means of ascertaining the true facts which would have prompted it to react otherwise." *Krawczyk v. Harnischfeger Corp.,* 41 F.3d 276, 280 (7th Cir.1994) (citing *Loyola Univ. of Chicago v. Humana Ins. Co.,* 996 F.2d 895, 902 (7th Cir.1993)). Again, however, for purposes of a Rule 12(b)(6) motion, the plaintiff has adequately put the defendants on notice that he has asserted a promissory estoppel claim under the federal common law. Therefore, defendants' second ground is also rejected.

■ All three defendants also move to dismiss Count II on the basis that oral modification of coverage are not sufficient to support a claim for promissory estoppel in connection with ERISA. The law in this circuit is clear that the explicit language of the ERISA statute does not allow oral modifications of ERISA–governed plans. *Pohl v.*

*National Benefits Consultants, Inc.,* 956 F.2d 126, 128 (7th Cir.1992); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir.1992). It is an open question in this circuit, however, whether all oral communications concerning ERISA plans are attempted "modifications" of the plans, and therefore unenforceable. *Thomason v. Aetna Life Ins. Co.,* 9 F.3d 645, 650 (7th Cir.1993). The court specifically notes instances where the provisions of the employee benefit plan are ambiguous and representations are made to the employee that might be considered oral interpretations of the plan. *Id.; Greany v. Western Farm Bureau Life Ins. Co.,* 973 F.2d 812, 821 (9th Cir.1992); *Kane v. Aetna Life Ins.,* 893 F.2d 1283, 1285–86 (11th Cir.), *cert. denied,* 498 U.S. 890, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990). Therefore, the court holds that estoppel principles can be applied to certain ERISA actions and holds that, for purposes of a Rule 12(b)(6) motion, plaintiff has stated a claim.

 Next, defendant New World argues that it cannot be held liable under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), because it is not the employee benefit plan itself. While the court agrees that suits under this section may be brought only against the plan entity, *see Lampen v. Albert Trostel & Sons Co. Emp. Welfare Plan,* 832 F.Supp. 1287, 1290 (E.D.Wis.1993), the court also recognizes that what controls in determining the viability of a claim is the complaint's factual allegations and not the legal label that has been invoked by the pleader. *Licciardi v. Kropp Forge Div. Employees Retirement Plan,* 772 F.Supp. 1069, 1071 (N.D.Ill.1991). Therefore, because the plaintiff in this case may also bring suit against fiduciaries under Section 409 of ERISA, 29 U.S.C. § 1109, this court, as in *Licciardi,* must reject this ground for dismissal. *See also Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 232–35 (3d Cir.1994).

 Finally, defendant New World argues that Count III of plaintiff's complaint for failure to provide requested documents should be dismissed as to New World because New World was never mentioned at all in connection with Count III. The court

agrees. Plaintiff does not allege that he made any request for any information from New World. Accordingly, Count III of plaintiff's complaint is dismissed as to New World.

## IV. CONCLUSION

The motion to dismiss by defendants Mack Chicago Corporation and Mack Chicago Corporation Employee Benefit Plan is denied. The motion to dismiss by defendant New World Claims Services, Ltd. is granted in part and denied in part. Count III is dismissed with respect to New World Claims Services, Ltd. All defendants are given until March 29, 1996 to file an answer to the complaint.