Thomas G. **POLLASTRINI**, Plaintiff,

v.

THE **PATTERNMAKERS' PENSION TRUST FUND**, and the Trustees of the Patternmakers' Pension Trust Fund, Defendants.

No. 98 C 3226.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 8, 1999.

Suzanne McCarthy, Attorney at Law, Chicago, IL, for plaintiff.

Hugh B. Arnold, Steven F. McDowell, Arnold & Kadjan, Susan Brannigan, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, R. Richard Hopp, O'Donoghue and O'Donoghue, Washington, DC, for defendants.

## OPINION and ORDER

NORGLE, District Judge.

Before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

## I. BACKGROUND [1]

Plaintiff Thomas Pollastrini ("Pollastrini") was a career union patternmaker. In early 1962, he attended a union meeting in Oakland, California along with "all of the other union members from the Bay area which also included retiress [sic]." (Compl.¶ 8.) The meeting was held so that union members could vote to accept or reject a proposed pension plan. During the meeting, "the business manager, Bill Jebe[,] advised Pollastrini and the other attendees that all pension credits would be counted so long as they were a union member." (Compl.¶ 8.) Pollastrini voted to adopt the pension plan ("the Plan"). On or after January 1, 1975, the effective date of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Plan became a funded, multi-employer pension plan under ERISA. (Pl. Resp. at 5.)

At some point, Pollastrini became aware that his pension benefits calculation omitted certain past service credits to which he felt he was entitled. He filed a claim with the Trustees in an attempt to resolve the discrepancy. The Trustees failed to respond to his claim.

On May 26, 1998, Pollastrini filed a complaint against the Plan and the Trustees of the Patternmakers' Pension Trust Fund ("Trustees") (collectively "Defendants") claiming that Defendants, *inter alia*, miscal-

---

1. For purposes of this opinion, the court construes the factual allegations of Pollastrini's Complaint as true. *See Gutierrez v. Peters,* 111 F.3d 1364, 1368–69 (7th Cir.1997).

culated his pension benefits. Pollastrini offers two "Rules" that allegedly support that Defendants improperly omitted certain past service credits from his pension benefits calculation. The first "Rule" Pollastrini presents is the "Los Angeles Rule." Under this "Rule," if a union member worked in a union shop one year before and after the effective date of the Plan (early 1962), the union member would receive pension credits up to ten years. In February 1996, a man identified in the pleadings only as "Mr. Campbell, who is an employer trustee of the [ ] Plan," (Compl.¶ 10), told Pollastrini that if the "Los Angeles Rule" were applied to him, he would be entitled to past service credits. Pollastrini claims that he is entitled to the past service credits under the "Los Angeles Rule" and that other Plan participants received past service credits under this "Rule."

The second "Rule" Pollastrini presents to support that he is entitled to past service credits is the "Ken Smith Rule." Ken Smith ("Smith"), at all times relevant to this litigation, was a business manager for the patternmakers' union and provided Plan participants past pension credits under the Plan. At some point, Smith told Pollastrini that he had the authority to grant Pollastrini pension credits. Pollastrini claims that he is entitled to past service credits under the "Ken Smith Rule" and that other Plan participants received past service credits under this "Rule."

In Count I of his Complaint, Pollastrini claims that under either the "Los Angeles Rule" or the "Ken Smith Rule" ("Rules"), his pension should have been calculated using additional years of service. Pollastrini brings count I under § 502(a)(1)(B) of ERISA, ERISA's civil enforcement provision. *See* 29 U.S.C. § 1132(a)(1)(B). Count II alleges that the Trustees breached their fiduciary duties owed to Pollastrini by failing to (1) respond to his claim under the Plan's review procedures; and (2) properly credit him with service under the "Rules." *See* 29 U.S.C. § 1104. Count III asserts a promissory estoppel claim based on the statement made by business manager, Bill Jebe ("Jebe"), during the 1962 meeting. He claims that had Jebe not told him that he would receive past service credits, "Pollastrini would have affirmatively required that their [*sic* ] past service be counted under the Pension Plan." (Compl.¶ 24.)

On August 3, 1998, Defendants filed a motion to dismiss each count of Pollastrini's Complaint. They first argue that Count I should be dismissed because the Seventh Circuit refuses to recognize actions for benefit claims based upon oral provisions such as the "Rules." Next, they contend that Count II should be dismissed because: (1) Pollastrini's claim that the Trustees failed to respond to the Plan's review procedures does not adequately state a claim under Federal Rule of Civil Procedure 8(a); and (2) oral statements, such as the "Rules," cannot modify an ERISA pension plan. Further, Defendants maintain that Count III should be dismissed because: (1) relief under a promissory estoppel theory is unavailable from a funded, multi-employer pension plan; (2) Jebe was not a Plan representative when he told Pollastrini that he would be credited with past service; (3) Jebe's statements were oral modifications of an ERISA plan; and (4) Pollastrini cannot demonstrate that he relied on Jebe's statements to his detriment. Finally, Defendants move to dismiss certain prayers for relief requested by Pollastrini.

## II. DISCUSSION

### A. *Standard for a Motion to Dismiss*

When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, *see Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998); it does not decide whether the plaintiff has a winning claim. *See Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir.1998). In reviewing a Rule 12(b)(6) motion, a court must examine all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Autry*, 144 F.3d at 1039. A complaint may not be dismissed unless it is impossible to prevail under any set of facts that could be proved consistent with the allegations. *See Moriarty v. Lewis Funeral Directors, Ltd.*, 150 F.3d 773, 777 (7th Cir.1998); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir.1997). The court "must look to see whether there is

any possible interpretation of the complaint under which it can state a claim." *Martinez v. Hooper,* 148 F.3d 856, 858 (7th Cir.1998).

At the same time, however, the Seventh Circuit has stated that "[a] complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Herdrich,* 154 F.3d at 369. " 'It is true that the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which a claim is based. Nevertheless, a plaintiff must allege sufficient facts to outline a cause of action, proof of which is essential to recovery.' " *Stevens v. Umsted,* 131 F.3d 697, 700 (7th Cir.1997) (*quoting Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985)). *But cf. Albiero,* 122 F.3d at 419 ("The other misconception is that a complaint must allege all of the facts essential to recovery under the plaintiff's legal theory."). In other words, "[w]hile federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim." *Panaras v. Liquid Carbonic Indust. Corp.,* 74 F.3d 786, 792 (7th Cir.1996). For instance, "attaching a bare legal conclusion to the facts" will not suffice. *Id.*Moreover, although "[a] complaint may not be dismissed under Fed.R.Civ.P. 12(b)(6) just because it omits factual allegations, [ ] it may be dismissed when the plaintiffs make it clear that they do not plan to prove an essential element of their case." *La Porte County Republican Cent. Comm. v. Bd. of Commissioners.,* 43 F.3d 1126, 1129 (7th Cir.1994).

Finally, "[l]itigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998); *Soo Line R.R. Co. v. St. Louis S.W.Ry. Co.,* 125 F.3d 481, 483 (7th Cir.1997) (A "plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."). The court is not " 'obliged to ignore any facts set forth in the complaint [or its attached exhibits, *see* Fed.R.Civ.P. 10(c) ] that undermine the plaintiff's claim." ' *Ham-*

*ilton v. O'Leary,* 976 F.2d 341, 343 (7th Cir. 1992) (*quoting R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.,* 895 F.2d 279, 281 (7th Cir.1989)). "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Soo Line R.R. Co.,* 125 F.3d at 483.

### B. Miscalculation of Past Service Credits Claim

In Count I of his Complaint, Pollastrini claims that under the "Los Angeles Rule" and the "Ken Smith Rule," his pension benefits should have been calculated with additional years of service. Defendants, however, argue that in ERISA cases, the Seventh Circuit refuses to recognize actions for benefit claims based upon oral provisions such as the "Rules." Pollastrini counters this argument by urging that the "Rules" are interpretations of eligibility for service credit and are not oral modifications of the Plan. Notably, Pollastrini presents no portion of the Plan the "Rules" supposedly interpret. Furthermore, he cites no authority in support of his position.

█ It is well settled that ERISA pension plans may not be modified orally. *See Librizzi v. Children's Memorial Medical Center,* 134 F.3d 1302, 1306 (7th Cir.1998); *Schmidt v. Sheet Metal Workers' National Pension Fund,* 128 F.3d 541, 546 (7th Cir. 1997); *Plumb v. Fluid Pump Service, Inc.,* 124 F.3d 849, 856 (7th Cir.1997). ERISA was enacted to preserve the integrity of benefit plans by restricting enforceable benefits to the written terms of the plans, and disallowing oral modification. *See Plumb,* 124 F.3d at 856 (holding that a benefits analyst's oral misrepresentations that the plan would cover the injuries of a plan participant's son contradicted the written plan and justified dismissal of participant's estoppel claim). Accordingly, "ERISA does not permit the oral modification of substantive provisions of a written ERISA plan." *Id.; see also Schmidt,* 128 F.3d at 546 (affirming summary judgment in favor of defendants and holding that an oral misrepresentation of defendant pension fund's benefit analyst did not estop

the fund from applying the written terms of the plan).

In *Lister v. Stark,* the plaintiff, a participant in his employer's pension plan, claimed that his employer induced him to return to work with an oral promise that, contrary to the written terms of the plan, the plaintiff would receive pension benefits for the time that he did not work for the employer. *See Lister v. Stark,* 890 F.2d 941, 943 (7th Cir. 1989). When the plaintiff left the employer a second time, he did not receive the additional promised benefits. *See id.* The Seventh Circuit refused to validate the oral plan modification and affirmed dismissal of the case stating, "ERISA does not recognize the validity of an oral modification of a pension plan." *Id.* at 946. In a more recent case, the Seventh Circuit has stated that "the utility of reducing retirement promises to writing and avoiding arguments about who said what to whom are so fundamental to both ERISA and contract law that an extension of the writing requirement to all long-term commitments is an inescapable ingredient of the federal common law slowly accumulating in ERISA's shadow." *Frahm v. Equitable Life Assurance Society of the United States,* 137 F.3d 955, 958 (7th Cir.1998). Accordingly, the Plan in the case at bar may not be orally modified.

▮ In Count I of his Complaint, Pollastrini states that "[u]nder either the 'Los Angeles Rule' and under the 'Ken Smith Rule' Pollastrini's pension should have been calculated using additional years of service." (Compl.¶ 19.) This claim demonstrates that Pollastrini relies on the "Rules" themselves as the basis for crediting him with past service. In other words, he does not claim, nor does he support, that the Plan itself entitles him to past service credits. Thus, even liberally construing Pollastrini's Complaint, the court concludes that the "Rules" are oral modifications of the Plan.

Nonetheless, Pollastrini steadfastly maintains that the "Rules" are not oral modifications to the Plan. He argues that "[f]ar from being oral provisions, as characterized by the defendants, these Rules reflect interpretation of eligibility for service credit." (Mem. in Opp. at 8.) He contends that he is entitled to receive what other similarly situated participants received under the Plan. (*See id.*) Yet, Pollastrini's claim clearly indicates that he relies on the "Rules" themselves, as opposed to the Plan, as the basis for his entitlement to past service credit. Because Pollastrini's claim omits an allegation that the Plan entitles him to benefits, the court rejects his argument that the "Rules" are interpretations of the Plan. Indeed, the court notes that if Pollastrini alleged that the Plan entitles him to past service credits, there would be no need to present the "Rules" in the Complaint; they would simply be potential interpretations of the Plan. Accordingly, the court dismisses Count I of Pollastrini's Complaint.

## C. *Fiduciary Duty Claim*

In his breach of fiduciary duty claim, Pollastrini alleges that the Trustees failed (1) "to properly credit [him] with service under one of the methods that were made available to other Pension Plan participants"; and (2) to respond to his claim under the Pension Plan's claim review procedures (Compl.¶ 21.) Defendants move to dismiss both allegations, arguing that neither allegation states a claim for breach of fiduciary duty.

With respect to Pollastrini's "failure to credit service" allegation, Defendants argue that dismissal is warranted because the Trustees were not obligated to award service based on oral modifications of the Plan. The court agrees. As the Seventh Circuit stated in *Frahm,* "Treating § 1104(a) as establishing a duty to give plan participants whatever benefits someone on the staff led them to believe were available would undermine an essential principle established by ERISA: there are no oral variances from written plans." *Id.* Thus, because the "Rules" are oral modifications of the Plan, the court dismisses Pollastrini's breach of fiduciary duty claim alleging Defendants' failure to credit him for past service.

▮ The court now turns to Pollastrini's allegation that the Trustees breached their fiduciary duties by failing to "respond to [his] claim [for past service credits] under the Pension Plan's claim review procedures." (Compl.¶ 21(a).) Beyond this bare concluso-

ry allegation, however, Pollastrini fails to provide any facts to support this allegation; even under the liberal notice pleading standards of Rule 8(a), that alone is grounds for dismissal. *See Kyle v. Morton High School,* 144 F.3d 448, 455 (7th Cir.1998) (ERISA action dismissed because the plaintiff failed to plead sufficient facts for "the district court to understand the gravamen of [his] complaint."); *see also Panaras,* 74 F.3d at 791–94 ("[w]hile federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim."); *Stevens,* 131 F.3d at 700; *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir.1995); *La Porte County,* 43 F.3d at 1129. Because Pollastrini fails to give fair notice to the court and Defendants of the operational facts of his claim, his "failure to respond" claim is dismissed. *See Kyle,* 144 F.3d at 457.

### D. Promissory Estoppel Claim

Next, Pollastrini claims that Defendants should be estopped from avoiding the promise Jebe made to him in early 1962. Defendants argue that Pollastrini's promissory estoppel claim fails to state a claim for four reasons: (1) relief under a promissory estoppel theory is unavailable in a case involving a funded, multi-employer pension plan; (2) the alleged statements were made by a person who was not a Plan representative; (3) the statements were oral; and (4) Pollastrini cannot demonstrate detrimental reliance. The court finds Defendants' first argument persuasive.

The court first addresses whether the common law created by ERISA applies to Pollastrini's estoppel claim or, as Pollastrini asserts, pre-ERISA federal common law applies. The court concludes that the applicable law is that which developed after ERISA's enactment. The alleged breach or act giving rise to Pollastrini's estoppel claim occurred when the Patternmakers' Pension Trust Fund denied Pollastrini's request for past service credits—well after ERISA's effective date. *See Shields v. Local 705 Int'l Brotherhood of Teamsters,* No. 96 C 1928, 1996 WL 616548, *9, n. 7 (N.D.Ill.1996);

*Spencer v. Central States, Southeast and Southwest Areas Pension Fund,* 778 F.Supp. 985, 995, n. 8 (N.D.Ill.1991). *But see Hohenegger v. Northern Ind. Public Serv. Co.,* 967 F.Supp. 350, 351–53 (N.D.Ind. June 10, 1997) (holding, in a fact-specific analysis, that employer's oral promise to modify pre-ERISA retirement plan enticed plaintiff to accept a job with employer and was a "critical act" that took case out of ERISA's coverage).

Having decided that ERISA law applies, the court must determine if ERISA defeats Pollastrini's claim. ERISA plans are divided into two categories: (1) pensions plans which are funded and have strict vesting and accrual requirements; and (2) welfare plans which have no such requirements. *See Black v. TIC Inv. Corp.,* 900 F.2d 112, 115 (7th Cir.1990). Because the Plan is a funded, multi-employer plan, it falls into the first category. In *Black,* the Seventh Circuit held that "estoppel principles are applicable to claims for benefits under unfunded single-employer welfare benefit plans under ERISA." Yet, the court expressed no opinion as to the application of estoppel principles in other situations, such as funded, multi-employer plans. *See id.* However, the court commented that multi-employer funds have multiple fiduciaries, and it would be unfair to allow one fiduciary to bind all of the others to pay benefits outside the strict terms of the plan. *See id.* Furthermore, the court stated that forcing all the employers to pay for one employer's misrepresentations damages the actuarial soundness of the plan and hurts all the employees. *See id.*

In a later case, *Krawczyk v. Harnischfeger Corp.,* 41 F.3d 276, 280 (7th Cir.1994), the Seventh Circuit reiterated its reluctance to address estoppel's applicability to funded, multi-employer pension plans. The court noted that most circuits that have considered the question have declined to extend estoppel principles to funded plans. *See id.* (*citing Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1527–28 (9th Cir.1993); *Miller v. Coastal Corp.,* 978 F.2d 622, 624–25 (10th Cir.1992); *Law v. Ernst & Young,* 956 F.2d 364, 367 (1st Cir.1992)). Furthermore, numerous courts in the Northern District of Illinois have relied on the reasoning of *Black*

and *Krawczyk* to deny promissory estoppel claims against funded, multi-employer plans. *See, e.g., Hospital Group of Ill., Inc. v. Brunswick Corp. Employee Benefit Plan,* No. 93 C 5108, 1993 WL 434091, *5 (N.D.Ill. Oct.21, 1993) (dismissing estoppel claims under ERISA); *see also Shields v. Local 705, Int'l. Brotherhood of Teamsters,* No.96 C 1928, 1998 WL 341800, at *7 (N.D.Ill. June 11, 1998) (granting summary judgment against a promissory estoppel claim brought against a multi-employer pension fund for denied benefits); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund,* 778 F.Supp. 985, 993 (N.D.Ill.1991) (granting summary judgment against a promissory estoppel claim for uncredited past work brought against a multi-employer pension fund).

Similarly, the court finds that Pollastrini's claim, if victorious, would unfairly bind the other Plan fiduciaries to pay benefits outside the strict terms of the Plan. *See Black,* 900 F.2d 112, 115. Further, forcing all the employers in the Plan to pay for one employer's promise in 1962 necessarily affects the actuarial soundness of the plan and consequently hurts all the employees. *See id.* Accordingly, the court dismisses Pollastrini's estoppel claim.

Having dismissed all of Pollastrini's claims, Defendants' motion to dismiss certain prayers for relief is denied as moot.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted.

IT IS SO ORDERED.