**Patrice Z. MAHON and Terrence K. Mahon, Plaintiffs,**

**v.**

**CYGANIAK PLANNING, INC., ABC Insurance Company, Richard J. Demski, XYZ Insurance Company, and Wisconsin Physicians Service Insurance Corporation, Defendants.**

**No. Civ.A. 98–C–0624.**

United States District Court,
E.D. Wisconsin.

Jan. 24, 1999.

Scott B. Taylor, Lucas, Wilkoski & Taylor, West Allis, WI, Jay A. Urban, Techmeier & Van Grunsven, Milwaukee, WI, for plaintiffs.

Michele D. Miller Hayes, Associate Counsel, Madison, WI, Patricia K. Ballman, Quarles & Brady, LLP, Milwaukee, WI, for defendant Wis. Physicians Service.

James J. Jacobson, Jacobson & Ratzel, Brookfield, WI, for defendants Demski & XYZ Ins.

James Samuelsen, Baxter, O'Meara & Samuelsen, Milwaukee, WI, for defendants Cyganiak Planning & ABC Ins.

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT and DENYING PLAINTIFFS' MOTION TO REMAND

REYNOLDS, District Judge.

## I. INTRODUCTION

This action arises from alleged misrepresentations by defendant Richard J. Demski ("Demski") to plaintiffs Patrice and Terrence Mahon ("the Mahons") regarding the extent of coverage under a health insurance policy obtained by the Mahons through an ERISA-covered health plan. Defendant Cyganiak Planning, Inc. ("Cyganiak"), is an insurance planning agency that employed Demski. Defendant Wisconsin Physicians Service Insurance Corporation ("WPS") issued the policy Demski allegedly misrepresented.

Before the court are two motions by the Mahons. The first is a motion to remand this action to state court due to lack of federal jurisdiction. The second is a motion for leave to file an amended complaint. The Mahons' amendment would name two additional defendants: CNA Insurance Company and Employers Reinsurance Corporation, who are the errors-and-omissions insurers of Cyganiak and Demski respectively. The proposed amended complaint would also add claims of promissory estoppel and statutory fraudulent representations.

The Mahons originally brought this action in the Wisconsin Circuit Court for Milwaukee County. Defendants removed the action to federal court, asserting that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, because the case relates to an employee welfare benefit plan governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. The Mahons admit that ERISA governs their insurance plan with WPS, but argue that ERISA does not control the types of claims they have brought in this action. The Mahons have moved for remand of the entire action or, in the alternative, remand as to all defendants except WPS.

The court denies the Mahons' motion to remand, and grants their motion for leave to amend.

## II. FACTUAL BACKGROUND

In March of 1994, Patrice Mahon was diagnosed with breast cancer. She underwent treatment, including a mastectomy, chemotherapy, and radiation, that caused the cancer to go into remission. That treatment was paid for under the provisions of a health insurance policy she had with an insurer that is not a party to this action. Her coverage under that policy continued until November of 1996.

One year before Patrice's coverage under that policy expired, in November of 1995, Patrice and Terrence were married. In contemplation of the marriage, the Ma-

hons engaged in a series of conversations with Demski regarding whether a health insurance policy offered through an ERISA-governed benefits plan of Terrence's employer, Matre Design, would cover any future breast cancer treatments Patrice might need. According to the Mahons, Demski assured them that all breast cancer treatments would be covered under the WPS health insurance policy provided by Matre Design. As a result of Demski's representations, Patrice arranged for WPS to become her primary insurance coverage provider as of November 1996.

Unfortunately, Patrice's cancer did not remain in remission. In August of 1996, her cancer returned, manifesting in her lung. Patrice again underwent chemotherapy and surgery to remove the cancer. The cost of that treatment was covered under her insurance policies and is not a subject of the current dispute. However, in June of 1997, Patrice's doctors advised her that she would have only a 1–3% chance of surviving up to five years unless she underwent a form of bone marrow transplant known as PSC/HDC. If she received this treatment, her doctors advised, her chance of surviving up to five years would increase to 15–30%.

Contrary to Demski's alleged representations, WPS informed the Mahons that their health insurance policy did not cover the PSC/HDC cancer treatment. As a result of WPS's denial of coverage, the Mahons were forced to pay for the treatment themselves. The Mahons had paid approximately $100,000 for Patrice's treatment at the time of their motion.

The Mahons do not dispute that their policy with WPS, as written, does not cover Patrice's treatment. Rather, the Mahons bring state common law and statutory claims directed at Demski's allegedly inaccurate description of that policy. The Mahons bring against Demski claims of negligence, misrepresentation, and tortious interference with a contractual relationship, and seek to hold Cyganiak and WPS vicariously liable for those acts as well.

As remedies, the Mahons seek damages and/or reformation of their insurance contract.

## III. DISCUSSION

### A. Motion to Remand Action to State Court

In determining whether an action was properly removed to federal court, the court examines the plaintiffs' complaint as it existed at the time the defendants filed their notice of removal. *See Shannon v. Shannon,* 965 F.2d 542, 545 (7th Cir.1992). In the present action, this rule requires the court to decide the Mahons' motion to remand without reference to their subsequent motion for leave to file an amended complaint. If this court did not have jurisdiction over the action at the time of removal, then the Mahons' motion for leave to amend is not properly before this court.

In their notice of removal, the defendants stated that federal jurisdiction is present in this action because the Mahons' claims are subject to "complete preemption" by ERISA. While the Mahons concede that ERISA governs the benefits plan under which they obtained their WPS health insurance policy, the Mahons argue that the claims they bring here are not subject to ERISA preemption.

At the outset, it is helpful to distinguish between the two types of preemption that can occur under ERISA. A party's state law claims involving an ERISA plan may be subject to both "complete preemption" and "conflict preemption" by ERISA. The two doctrines are often confused, but the distinction between them is crucial for purposes of removal jurisdiction. "Complete preemption" is a doctrine of federal subject matter jurisdiction, while "conflict preemption" is a defense to state law claims. *See Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995). Under complete preemption, "federal subject matter jurisdiction exists if the complaint concerns an area of law 'completely

preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction." *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir.), *cert. denied,* — U.S. ——, 119 S.Ct. 542, 142 L.Ed.2d 450 (1998) (quoting *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1487 (7th Cir. 1996)). By contrast, if a plaintiff's state law claim is only subject to the defense of conflict preemption, ERISA preemption will not serve as a basis for removal. *See id.* Typically, complete preemption is an issue at the outset of a case, when the court must determine if it has jurisdiction, while conflict preemption comes into play only after jurisdiction has been established.

Complete preemption is an exception to the "well-pleaded complaint" rule of federal question jurisdiction. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Federal question jurisdiction exists where an action "arises under" federal law. *Id.* "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Id.* Assuming a plaintiff has properly pled its case, the federal question must be apparent from the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). An exception to the well-pleaded complaint rule exists, however, where Congress intends federal law to control so completely in a particular subject area that all claims in that area are automatically characterized as federal in nature. *See Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. 1542.

■ In the context of ERISA, the scope of complete preemption is fairly narrow, while the scope of conflict preemption is quite broad. *See Rice*, 65 F.3d at 645. Complete preemption is narrow because, for the most part, it applies only to claims to recover benefits under an ERISA plan, *i.e.*, claims that fall under ERISA § 502(a), 29 U.S.C. § 1132(a), ERISA's civil enforcement provisions. *See Speciale*, 147 F.3d at 615. The defense of conflict preemption,

on the other hand, involves ERISA § 514(a), 29 U.S.C. § 1144(a). *See id.* For purposes of conflict preemption, ERISA preempts all state laws that "relate to" an ERISA-covered employee benefit plan. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). But again, conflict preemption is only a defense, thus for purposes of federal jurisdiction, ERISA does *not* preempt all state laws that "relate to" an ERISA plan. *See Speciale*, 147 F.3d at 615.

■ Instead, when considering issues of federal jurisdiction, complete preemption requires the court to determine whether a plaintiff's state law claims can be recharacterized as claims falling under the civil enforcement provisions of ERISA § 502(a). *See Rice*, 65 F.3d at 642. The relevant portion of § 502(a) provides that a participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Thus, the question for this court is whether any of the Mahons' claims for negligence, misrepresentation, tortious interference with contractual relations, and vicarious liability, can be recharacterized as a claim to recover benefits due under the terms of the plan.

In this circuit, a court examines three factors to determine whether a claim is properly recharacterized as a claim under § 502(a):

> (1) whether the plaintiff [is] eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law.

*Jass*, 88 F.3d at 1487 (internal quotation marks and citations omitted). In this case, application of the first two factors is

straightforward. The parties do not contest that the Mahons, as beneficiaries of Matre Designs' ERISA plan, are eligible to bring a claim under § 502(a). On the other hand, there is no indication that any of the Mahons' claims are covered by any provisions of ERISA that may be enforced via § 502.

The third factor is less clear. On their face, the Mahons' claims do not appear to require significant contract interpretation. Only their claim of misrepresentation might require some reference to the terms of their insurance policy, and even then the reference would be only to confirm the actual terms of the plan. However, the Mahons also seek reformation of the contract as a remedy for the defendants' alleged acts. The Mahons argue that reformation is not a cause of action, but merely provides a measure of damages. Strictly speaking, reformation of the contract is not contract interpretation. But reformation does call for the court to implicitly write additional terms into the contract, an act that affects the contract in a manner almost identical to interpretation. Reformation of contract and contract interpretation have the same purpose—to ascertain the true intent of the parties. *See Artmar, Inc. v. United Fire & Casualty Co.,* 34 Wis.2d 181, 187, 148 N.W.2d 641, 644 (1967) (" 'Where a policy of insurance ... does not represent the intention of both parties, because of the fault or neglect of the agent, it may be reformed so as to express the contract it was intended should be made.' ") (quoting 13 Appleman, Insurance § 7609 at 368); *Gorton v. Hostak, Henzl & Bichler, S.C.,* 217 Wis.2d 493, 506, 577 N.W.2d 617, 622 (1998) ("In interpreting contracts, we must attempt to ascertain the intent of the parties.") Thus, even if application of this third complete preemption factor is viewed as inconclusive, it certainly weighs in favor of preempting the Mahons' claims.

While the Mahons do not attempt to apply the three factors articulated by the Seventh Circuit, the Mahons argue that case law supports the conclusion that their claims are not subject to complete preemption. The Mahons point out that some circuit courts draw a distinction between claims brought against "ERISA entities" and those against parties less central to the workings of an ERISA plan, holding that the former claims are preempted, while the latter are not. "ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." *Morstein v. National Ins. Servs., Inc.,* 93 F.3d 715, 722 (11th Cir.1996), *cert. denied,* 519 U.S. 1092, 117 S.Ct. 769, 136 L.Ed.2d 715 (1997). The Mahons assert that Demski, Cyganiak, and WPS, are not ERISA entities and, therefore, claims against them are not preempted. In addition, the Mahons argue that claims of vicarious liability, such as their claims against WPS, are not subject to complete preemption under ERISA.

There is some validity to the Mahons' arguments. Circuit courts other than our own have begun to distinguish between claims against "ERISA entities" and those against more tangential parties. However, those distinctions have been made in the context of the defense of *conflict* preemption. *See, e.g., Coyne & Delany Co. v. Selman,* 98 F.3d 1457, 1467 (4th Cir.1996); *Perkins v. Time Ins. Co.,* 898 F.2d 470, 473 (5th Cir.1990); *Wilson v. Zoellner,* 114 F.3d 713, 715–18 (8th Cir.1997); *Morstein,* 93 F.3d at 716; *but see Engelhardt v. Paul Revere Life Ins. Co.,* 139 F.3d 1346, 1353–54 (11th Cir.1998) (implying that ERISA entity distinction may apply in context of complete preemption).

Even if the Seventh Circuit were to adopt some form of the "ERISA entity" distinction and apply it in the context of complete preemption, the court finds that, at least with respect to WPS, the distinction would not save the Mahons' claims from preemption. The Mahons assert that WPS is not an ERISA entity because the certificate for their insurance policy states, "WPS, in performing its obligations under the policy, is acting only as a health insur-

er ... and is not in any way acting as a plan administrator, a plan sponsor or a plan trustee for purposes of [ERISA]...." (July 29, 1998 Pl.'s Memo, Ex. A.) This disclaimer, however, does not rule out the possibility that WPS exercises fiduciary responsibilities with regard to the policy. An ERISA-plan fiduciary is an "ERISA entity." *See Morstein,* 93 F.3d at 722. An ERISA fiduciary is one who exercises discretionary authority over some aspect of the plan. *See* 29 U.S.C. § 1002(21)(A). Moreover, the Mahons admit that WPS performs "some" of the administrative functions of Matre Designs' ERISA plan, such as determining eligibility for benefits and calculating benefit levels. (Pl.'s Memo at 21.) While the record is insufficient at this point to determine whether WPS is an ERISA fiduciary in this case, it is clear that WPS plays an integral role in the Matre Design ERISA plan. Courts developed the "ERISA entity" distinction in an effort to identify claims that are not sufficiently related to an ERISA plan to warrant preemption. *See Perkins,* 898 F.2d at 473; *Morstein,* 93 F.3d at 722. If WPS does not reside within the circle of ERISA entities, it is sufficiently close to the perimeter that certain claims against WPS may be regarded as claims against the Matre Design plan.

■ There is support for the Mahons' argument that ERISA does not completely preempt their vicarious liability claims against WPS. In *Rice* and *Jass,* the Seventh Circuit held that a claim of vicarious liability, by itself, does not warrant complete preemption as to a plan administrator. *See Rice,* 65 F.3d at 645; *Jass,* 88 F.3d at 1448, 1491. The court in *Rice* reasoned that because state law claims of vicarious liability involve "purely factual" inquiries regarding the relationship of the agent to the principal, these claims do not involve contract interpretation and thus are not completely preempted by ERISA. 65 F.3d at 645. However, the court in *Jass* held that where the underlying claim

against the agent is a claim for denial of benefits under the plan, ERISA *does* completely preempt a claim of vicarious liability arising from that agent's acts. *See* 88 F.3d at 1491. *Jass* illustrates that where a claim of vicarious liability is in effect a claim for benefits under the terms of the plan, the claim will be completely preempted by ERISA.

The Seventh Circuit recognized that its three complete preemption factors might not fit all situations. *See Rice,* 65 F.3d at 644 ("we need not completely define the parameters of § 502(a)'s complete preemption"). The court finds that is the case here. The Seventh Circuit articulated the three factors in an effort to answer the basic question: Can a plaintiff's state law claims be recharacterized as a claim for benefits due under the terms of an ERISA plan? *See id.* at 642–43. This court returns to that fundamental inquiry in analyzing the Mahons' claims. The Mahons' claims for misrepresentation and vicarious liability center on the issue of what are the *real* terms of their policy with WPS. While the individual elements of the Mahons' claims against individual defendants may not require interpretation of their insurance policy, resolving those claims requires the court to establish the terms of that policy and open an ERISA plan insurer to liability based on those terms. This reality is made plain by the Mahons' request for contract reformation as a remedy against WPS.

The court finds support in *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126 (7th Cir.1992), for the view that claims such as the Mahons' are in effect claims for benefits under the plan. The court in *Pohl* held that for purposes of conflict preemption, a state law claim of negligent misrepresentation regarding policy benefits, brought directly against an insurance company acting as an ERISA plan administrator, was equivalent to an attempt to obtain benefits under the terms of the

ERISA plan.[1] *See id.* at 128. "[A]ny money they obtained from [such a] suit," said the court, "would be functionally a benefit to which the written terms of their plan do not entitle them." *Id.* at 128. This case is distinguishable, of course, on the grounds that it dealt with the defense of conflict preemption rather than complete preemption, and that it did not involve a claim of vicarious liability. Still, the court's basic message is persuasive when attempting to characterize the claims against WPS in the present action.

■ Under the facts of this case, the court finds that complete preemption, and thus federal removal jurisdiction, is appropriate. The court's holding today is limited. To be clear, the court holds that ERISA completely preempts claims of vicarious liability brought against an ERISA-plan insurer for a misrepresentation by its agent regarding the terms of a plan.

### B. Motion for Leave to Amend

The Mahons have also moved for leave to file an amended complaint. Their proposed amendment adds two additional defendants: CNA Insurance Company and Employers Reinsurance Corporation, who are the errors-and-omissions insurers of Cyganiak and Demski respectively. The proposed amended complaint also adds the previously-mentioned claims of promissory estoppel and statutory fraudulent representations.

The defendants do not object to granting the Mahons leave to amend. However, the defendants do request that if leave is granted, they be permitted to supplement their responses to the Mahons' motion to remand. Given the court's decision on the motion to remand, it is not necessary for the defendants to supplement their responses. The court grants the Mahons' motion for leave to file an amended complaint.

1. The *Pohl* court also suggested in dicta that a claim of promissory estoppel would be regarded as a claim for benefits. *See id.* at 127.

### IV. CONCLUSION

The motion by plaintiffs Patrice and Terrence Mahon to remand this action to state court is **DENIED.**

The motion by plaintiffs Patrice and Terrence Mahon for leave to file an amended complaint is **GRANTED.**

The plaintiffs' proposed amended complaint of October 19, 1998, is deemed filed as of the date of this order.

**SO ORDERED.**

The Mahons make a claim of promissory estoppel in their proposed amended complaint.